BEN WARREN CHAMBERLAIN v. CHARLES F. DUNN.

(Filed 1 October, 1919.)

**Clerks of Court—Funds—Adverse Claimant—Identification—Judgments— Mortgages.**

> A contest as to the ownership of surplus funds paid into the hands of the clerk of the Superior Court under execution on a judgment obtained upon notes secured by mortgage, was made to depend upon whether or not the plaintiff was served with summons in the former action, and the defendant having testified that he had been served, and not his son with a similar name: *Held,* it was proper to permit him to be cross-examined as to the mortgage notes and credits thereon, for the purpose of identifying the plaintiff as the one who had been served in the former proceedings.

APPEAL by defendant from *Guion, J.,* and a jury, at June Term, 1919, of LENOIR.

*Cowper, Whitaker & Allen and J. L. Hamme for plaintiff.*
*Rouse & Rouse for defendant.*

WRIGHT v. SHEPARD.

PER CURIAM. The parties contested for the possession of a fund in the custody of the clerk, and the controversy involved the question as to whether the plaintiff had been served with process in the cases wherein two judgments had been rendered. If he was served, the issue should be answered "No," and if he was not, it should be answered "Yes," the issue being, "Is plaintiff entitled to the fund in dispute?" The jury answered it "Yes." The defendant testified, in his own behalf, to show that plaintiff had been served with process, and was the defendant in the judgments, and he was cross-examined, as to certain notes (secured by mortgage), upon which it was alleged that the judgments were taken, and about the credits or entries thereon. This cross-examination was properly permitted, as it tended to throw light upon the questions involved, whether the plaintiff was the person who was served with the process in those actions, and whether the judgments were rendered against *him*. The judge, in his charge, explained the matter fully to the jury, and stated what was the object of the cross-examination, and how it bore on the case, and to what extent the matters elicited by it could be used by them; that is, only to identify the true defendant in the judgment, whether it was the father (the plaintiff in this action), or his son, who had a somewhat similar name. The defendant alleged that the judgments were against plaintiff, who was always known as Warren Chamberlain, while plaintiff contended that they were against his son, who was named Warren Chamberlain, while his own name is Ben Warren Chamberlain, and by that name he had always been known. The relevancy of the facts disclosed by the cross-examination is apparent from this statement.

There is no fault in the charge.

No error.